# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE CITY DIVISION
# 1:12cv33

| | |
|---|---|
| JEAN ROSE MOODY, ) ) Plaintiff, ) ) v. ) ) MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | **MEMORANDUM AND RECOMMENDATION** |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 12]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 12] and **AFFIRM** the Commissioner's decision.

   I.   **Procedural History**

Plaintiff filed an application for disability benefits and an application for supplemental benefits on October 7, 2008. (Transcript of Administrative Record ("T.") 121-35.) Plaintiff alleged that she became disabled beginning January 7,

2007. (T. 121, 129.) The Social Security Administration denied Plaintiff's claim, finding that she was not disabled. (T. 71-75.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 77-84.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 35-66.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 10-20.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of

impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his June 2, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 20.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.

(2) The claimant has not engaged in substantial gainful activity since January 7, 2007, the alleged onset date (20 CFR § 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: musculoskeletal impairments related to her chronic back pain and history of compression fracture at T11; respiratory impairment; depression; anxiety; bipolar disorder; post traumatic stress disorder; and personality disorder (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform simple, unskilled work at the light level of exertion which does not involve working in an environment which that expose her to respiratory irritants.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on June 28, 1962 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not an issue in this case because the claimant's pas relevant work is unskilled (20 CFR 404.1568 and 416.968).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exists in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from January 7, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 12-20.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

### A. The ALJ's Error in Misidentifying a Single Decision Maker as a State Agency Physician was Harmless

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform simple, unskilled work at the light level of exertion. (T. 17.) In addition, the ALJ limited Plaintiff to work that does not involve working in an environment that may expose Plaintiff to respiratory irritants. (T. 17.) In reaching his decision as to Plaintiff's RFC, the ALJ stated that:

> The undersigned finds that that claimant is limited to light work activity. Due to her respiratory impairment, the undersigned finds that the claimant is limited to work which would not expose her to respiratory irritants. The undersigned notes that the State Agency physicians indicated that the claimant could perform at least medium work activity. The undersigned notes that no treating physician has placed any restriction on the claimant nor indicated that she was totally disabled at any time during the period at issue.

(T. 18.) As the Commissioner acknowledges, it appears that one of the opinions of the State Agency physicians referenced by the ALJ was the opinion of Katrina McKoy, a single decision maker. (T. 250-57.) McKoy is not a physician. (T. 257.) The parties dispute whether this error was harmless and, thus, whether remand is required.

Plaintiff is correct that in certain circumstances, an ALJ's

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

mischaracterization of an assessment by a single decision maker as the decision of a State Agency physician requires remand.  See e.g. Dewey v. Astrue, 509 F.3d 447, 449-50 (8th Cir. 2007);  Coggins v. Astrue, No. 1:09cv405, 2011 WL 815269, at *1-2 (W.D.N.C. Jan. 28, 2011) (Howell, Mag. J.); Hensley v. Comm'n Soc. Sec., No. 10-CV-11960, 2011 WL 4406359, at *1 (E.D. Mich. Sept. 22, 2011); Orkus v. Astrue, No. Civ.A. 10-2197, 2011 WL 7400189, at *4-5 (E.D. Pa. Feb. 28, 2011).  For example, in Dewey the United States Court of Appeals for the Eighth Circuit remanded a decision where the ALJ erroneously characterized the opinion of a lay person as a physician.  Dewey, 509 F.3d at 449.  In addition to mischaracterizing this lay opinion, the ALJ also assigned more weight to the opinion of the lay person than the more restrictive medical opinion of the claimant's treating physician.  Id. at 449-50.  Based on these circumstances, the Eighth Circuit held that the error was not harmless and remand was required.  Id.  Courts, however, have not hesitated to find that the mischaracterization of the opinion of a lay person as the decision of a physician is harmless where no evidence in the record supported more restrictive limitations and substantial evidence in the record supported the decision of the ALJ.  See e.g., Webster v. Astrue, No. 5: 12-130-DCR, 2012 WL 5384684, at *5 (E.D. Ky. Nov. 1, 2012); Garcia v. Comm'n Soc. Sec., No. 08-12943, 2009 WL 2843922, at *8-9 (E.D.

Mich. Aug. 31, 2009); Jones v. Astrue, No. 1:07-cv-0698-DFH-WTL, 2008 WL 1766964, at *10 (S.D. Ind. Apr. 14, 2008).

Upon a review of the record, the Court finds that the error by the ALJ in characterizing the opinion of McKoy as that of a physician was harmless and, similar to the situations in Webster, Garcia, and Jones, does not require remand of this case. As a threshold matter, Plaintiff has not pointed this Court to any objective evidence in the record that demonstrates that the result would be different had the ALJ realized that McKoy was not a physician or medical consultant. See Webster, 2012 WL 5384684, at *5. Moreover, unlike the situation in Dewey, the ALJ did not assign more weight to the opinion of a lay person over the more restrictive medical opinion of Plaintiff's treating physician or any other medical source. In fact, the RFC imposed by the ALJ was more restrictive than that recommended by McKoy (T. 250-57) and, as the ALJ stated in his decision, "no treating physician has placed any restrictions on the claimant nor indicated that she was totally disabled at any time during the period at issue." (T. 18.)

The ALJ also based his decision on more than the single opinion of a lay person. Aside from examining the objective medical evidence in the record at length, the ALJ also relied on the medical opinion of Dr. Melvin Clayton (T. 375-81), who based his decision upon an independent review of the evidence in the file.
-

(T. 382.) Because the ALJ's RFC determination is supported by substantial evidence in the record, and because the statement by the ALJ attributing the opinion of McKoy to a physician was a minor oversight that does not impact the decision of the ALJ, the Court finds that any error by the ALJ was harmless.

### B. The ALJ'S Credibility Determination is Supported by Substantial Evidence in the Record

As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that it could reasonably be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of the claimant's pain and symptoms; (3) factors that predicate or aggravate the claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any treatment other than medication that claimant received to alleviate the pain or symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any other factors concerning claimant's functional imitations and

restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); see also Aytch, 686 F. Supp. 2d at 605.

The ALJ's credibility determination must constitute more than a conclusory statement that the claimant's allegations are not credible. SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996). The decision must contain specific reasons for the finding and must "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

Here, the ALJ applied this two-step process in assessing Plaintiff's statements regarding her symptoms. The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 18.) The ALJ then found that Plaintiff's "allegations of pain and other limiting symptoms are not credible to the extent alleged." (T. 18.) In support of his decision, the ALJ provided a detailed explanation for his determination that Plaintiff's testimony was not fully credible. (T. 18.) Despite this fact, Plaintiff contends that the ALJ failed to consider her alleged symptoms and pain. (Pl.'s Mem Support of Mot. Summ J. at p. 17.) This is the same frivolous argument made over and over again in social security cases by counsel for Plaintiff.

The ALJ's decision specifically addressed Plaintiff's alleged symptoms, including the alleged limited use of her hands and her back pain, and found that Plaintiff's testimony was not credible. (T. 18.) Plaintiff's contention that the ALJ failed to consider Plaintiff's alleged impairments ignores the express language in the decision. The fact that the ALJ did not expressly state or quote the exact testimony of Plaintiff regarding her subjective complaints of pain, instead referring to her back and hand pain in a more general manner, does not require remand; the ALJ clearly considered Plaintiff's allegations regarding the scope of her back pain and the limitations on her ability to use her hands. (T. 18.) This is not a case where the ALJ failed to consider the objective evidence in the record in making his credibility determination or failed to consider Plaintiff's subjective complaints of pain or symptoms. Although Plaintiff may disagree with the conclusion reached by the ALJ, to suggest that the decision is flawed because the ALJ "has not evaluated the physical claims of the Claimant" is contradicted by the record and without merit.[2] (Pl.'s Memo Support Mot. Summ. J. at p. 17.) Moreover, the Court finds that the ALJ's findings regarding Plaintiff's credibility were supported by substantial evidence in the record.

---

2 The Court notes that this is the only alleged error as to the ALJ's credibility determination raised by Plaintiff in her brief.

### C. The ALJ did not err in Considering the Testimony of the Vocational Expert

At step five of the sequential evaluation process, the Commissioner bears the burden of demonstrating that Plaintiff can perform other work that exists in the national economy. Hines, 453 F.3d at 567. "The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which [a] particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Not only must the opinion of the vocational expert be based on all the evidence in the record, but "it must be in response to proper hypothetical questions which fairly set out all the claimant's impairments." Id.; Hines, 453 F.3d at 566; Riley v. Chater, 57 F. App'x 1067 (4th Cir. 1995) (unpublished). Here, the ALJ asked the vocational expert a hypothetical that fairly set out each of the Plaintiff's impairments that the ALJ found to be credible and supported by the evidence in the record. (T. 63-64.)

Plaintiff, however, contends that the ALJ erred at step five by "failing to follow the opinion of the treating mental health professionals and his own vocational consultant." (Pl.'s Memo. Support Mot. Summ. J. at p. 19.) In short, Plaintiff contends that the ALJ should have relied on the testimony of the vocational expert that if the Court imposed restrictions contained in the opinion of Dr. Karen Marcus - a Psy. D who conducted a onetime psychological evaluation of

Plaintiff to support her application for social security disability (T. 419-48) - that no jobs existed in the national economy that Plaintiff could perform (T. 64-65). Fatal to Plaintiff's argument, however, is the fact that the ALJ did not adopt the opinion of Dr. Marcus and assigned it no weight. (T. 18.) The limitations imposed by Dr. Marcus were not part of the RFC. (T. 17-18.) Thus, the ALJ properly relied on the opinion of the vocation expert based on a proper hypothetical question that fairly set out each of the claimant's impairments contained in the ALJ's RFC determination, as required in this Circuit. See Walker, 889 F.2d at 50; Hines, 453 F.3d at 566.[3] Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 12] and **AFFIRM** the decision of the Commissioner.

## VI.  Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 12], **DENY** the Plaintiff's Motion for Summary Judgment [# 10], and **AFFIRM** the Commissioner's decision.

---

3  Plaintiff offers no argument to the Court and does not set forth a separate assignment of error that the ALJ erred in weighing the opinion of Dr. Marcus.

Signed: January 10, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).