IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv33

| | |
|---|---|
| JEAN ROSE MOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTURE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Summary Judgment [Doc. 12].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition. On January 10, 2013, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 14] in which he recommended that the Plaintiff's Motion for Summary Judgment be denied; the Defendant's Motion for Summary Judgment be granted and the Commissioner's decision be affirmed. [Id.]. The parties were advised

of the time within which any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed. The Plaintiff timely filed her Objections to the Memorandum and Recommendation. [Doc. 15].

## PROCEDURAL HISTORY

The Plaintiff does not lodge any objections to the Magistrate Judge's statement of the procedural and factual Background, Standard of Review, or Discussion of the sequential evaluation process. Having conducted a careful review of these portions of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's treatment thereof is correct and supported by the record.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review under a *de novo* standard the proposed factual findings or legal conclusions of the Magistrate Judge to which no objections have been

2

raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

**DISCUSSION**

The Magistrate Judge noted that the Administrative Law Judge (ALJ) referenced the opinion of Katrina McKoy (McKoy) as a State Agency physician. McKoy, however, is not a physician. Before the Magistrate Judge, the Plaintiff argued that the ALJ's error in misidentifying this single decision maker as a physician constitutes error which may not be harmless. The Magistrate Judge concluded otherwise and as to this the Plaintiff objects.

The Defendant concedes the ALJ's error. The ALJ mischaracterized McKoy's opinion as having been provided by a physician. The ALJ also cited, however, to the opinion of another state agency physician, Dr. Melvin Clayton, who opined that the Plaintiff could perform at least medium work. The ALJ, therefore, did not rely exclusively on the opinion of an individual mischaracterized as a physician. Howard v. Astrue, 2012 WL 4378211

3

(E.D.Mo. 2012) (rejecting Dewey v. Astrue, 509 F.3d 447 (8th Cir. 2007), where ALJ supported his opinion with medical evidence from treating physicians despite error). Indeed, the residual functional capacity assessed by ALJ was more restrictive than that recommended by McKoy. Garcia v. Commissioner, 2009 WL 2843922 (E.D.Mich. 2009). These facts distinguish this case from those cited by the Plaintiff. See, Dewey, 509 F.3d 447; Coggins v. Astrue, 2011 WL 815269 (W.D.N.C. 2011).

The Plaintiff's second objection concerns the Magistrate Judge's consideration of the ALJ's credibility determination. In urging this Court to find that consideration erroneous, the Plaintiff cites to the factual contentions made in the brief submitted to the Magistrate Judge. However, merely referencing the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original).

Contrary to the Plaintiff's objection, the Magistrate Judge thoroughly considered the ALJ's treatment of the Plaintiff's credibility.

> The ALJ's decision specifically addressed Plaintiff's alleged symptoms, including the alleged limited use of her hands and her back pain, and found that Plaintiff's testimony was not credible. Plaintiff's contention that the ALJ failed to consider

> Plaintiff's alleged impairments ignores the express language in the decision. … This is not a case where the ALJ failed to consider the objective evidence in the record in making his credibility determination or failed to consider Plaintiff's subjective complaints of pain or symptoms. Although Plaintiff may disagree with the conclusion reached by the ALJ, to suggest that the decision is flawed because the ALJ [failed to evaluate the same] is contradicted by the record[.]

Doc. 14 at 12].

This Court, moreover, does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation and citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id. It is not the role of this Court to draw different conclusions from the evidence; the duty of resolving conflicts in the evidence belongs to the ALJ. Id. This Objection is rejected as well.

The Plaintiff's last objection concerns the opinion of Dr. Karen Marcus (Marcus), who conducted a one-time psychological evaluation of the Plaintiff in May 2010. During the hearing, the vocational expert testified that *if* the Plaintiff suffered from the mental limitation assessed by Marcus, then she would not be able to perform any job. The ALJ, however, did not

adopt Marcus' opinion, finding it inconsistent with evidence of record. Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005). Nor did the Plaintiff's residual functional capacity include that limitation. Thus, the ALJ did not include that alleged limitation in the hypothetical posed to the vocational expert and no error occurred.[1] Id. at 659 (since substantial evidence supported the ALJ's conclusion of residual functional capacity, hypothetical posed to the vocational expert adequately reflected the applicant's characteristics). The Court therefore rejects this Objection as well.

In conclusion, the Court accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 15] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 14] is hereby **ADOPTED**.

---

[1] In the Objections, the Plaintiff cites Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012), as "an important new reported decision … which emphasizes the importance of psychological evidence" in social security cases. [Doc. 15 at 8]. In Bird, the United States Court of Appeals for the Fourth Circuit held that the social security administration must accord substantial weight to a Veterans' Administration disability rating. In what manner this case applies to that at hand was not explained.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 12] is hereby **GRANTED** and the Plaintiff's Motion for Summary Judgment [Doc. 10] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

The Clerk of Court is instructed to enter Judgment.

Signed: February 7, 2013

Martin Reidinger
United States District Judge